UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>PATRICK JONES,<br><br>        Defendant - Appellant. | No. 10-50430<br><br>D.C. No. 3:09-cr-01250-W-2<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |

      The judgment of this Court, entered November 23, 2011, takes effect this date.

      This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

                                           FOR THE COURT:
                                           Molly C. Dwyer
                                           Clerk of Court

                                           Lee-Ann Collins
                                           Deputy Clerk

FILED

NOT FOR PUBLICATION

NOV 23 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | ) | No. 10-50430 |
|---|---|---|
| Plaintiff – Appellee, | ) ) | D.C. No. 3:09-cr-01250-W-2 |
| v. | ) ) | **MEMORANDUM**[*] |
| PATRICK JONES, | ) ) | |
| Defendant – Appellant. | ) ) ) ) | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Submitted November 8, 2011[**]
Pasadena, California

Before:   FERNANDEZ, MOORE,[***] and McKEOWN, Circuit Judges.

Patrick Jones appeals his convictions arising out of his sexual exploitation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Karen Nelson Moore, United States Circuit Judge for the Sixth Circuit, sitting by designation.

a fourteen-year-old child. See 18 U.S.C. §§ 2251(a), 1591. We affirm in part and reverse in part.

Jones argues that our decision in United States v. U.S. District Court (Kantor II), 858 F.2d 534 (9th Cir. 1988), which explicated § 2251(a), does not dictate the answer to his claim that the section must require that recklessness be proved as a part of the government's case. However, that decision is controlling on Jones's statutory construction and constitutional claims. Id. at 537–44. While Jones attacks our decision in that case, we are bound by the decision[1] because no subsequent Supreme Court case has undermined Kantor II's explicit and implicit statutory and constitutional determinations.[2] The district court did not err when it followed Kantor II.

Jones also argues that his conviction pursuant to 18 U.S.C. § 1591 must be reversed because the jury was instructed on the statutory requirements as that statute existed at the time of trial, rather than those that existed when he committed his offense. He asserts, and the government agrees, that the ex post facto clause[3] was, therefore, violated. Thus, we will reverse that conviction and remand for

---

[1] See Miller v. Gammie, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).
[2] See id. at 900.
[3] U.S. Const. art. I, § 9, cl. 3.

2

further proceedings.

        AFFIRMED in part, REVERSED in part, and REMANDED.